OPINION of the Court, by
Ch. J. Boyie.
Thi> ss a writ of error to a decree dismissing a bill in chancery, exhibited by the testator of the plaintiff to be relieved against a judgment at law in favor of the defendant, Hart, for two hundred and thirty pounds, and costs.
The question which first attracts the attention of the court is, whether the circumstances of this case warrant the interposition of a court of equity.
What particular shape the action at law fssumccL cannot be ascertained with precision from the record in this case. It is, however, to be inferred, that the basis of the action was a wrongful withdrawal of an entry of a thousand acres of land from the surveyor’s books, and the assignment of the warrant by Morrison to himself; and that the defence set up consisted of a general traverse or denial of the injury complained of.
where there-fence is purely le£al’ and l!>e ^defem)" him! kit at law, e. ‘3“'ty Wl1’ not relieve — Acc. v,,¡. , Co-wan ⅜⅝ J73 0 n^nvs £iw«, 354.
ioorr tf j,,, and a court of bfve ¡⅛⅛¾™* «a the r*rty fails bu£ to defend at law, he may neverthelefs re~ fort to a court terree at la a and Jteili, cqu.'ry will not retry the matter*
fjme in cou rta of law and in «upsufeqmty Cm¡¿, wl. o 394. The rules of evidence and the rules of ce-cifion, are the
The grounds for relief which are taken by the bill are, 1st. that the entry was withdrawn, and the assignment of the warrant made by Harps agent; whs, though possessing no regular written authority, yet, being, intrusted verbally by Hart with the transaction of his Lu.f* business, was, oy the prevailing custom of the cornu», authorised to effect the withdrawal and ass:gtmv in compla»ned of; and 2dly. that if the entry had inn , ed, liart would have saved but a small part oí tV h" ¡, being covered by prior or better entries, and th jui', ought therefore to have apportioned the damages to the value of the land that would have been saved ; instead of which, they have given the full amount of the value of the whole thousand acres. .
Where matter of defence is purely legal, and the party neglects to avail himself of it at law, it would be con-trarv to the soundest maxims of policy to permit him r - , , , r ⅜ . J ,, ... afterwards to take advantage or it m equity. Out ¡i the defence be of such a nature that the party may himself of it either at law or in chancery, though he should fail to make it at law, he might, nevertheless, resort to a court of equity, with the same propriety as a plaintiff, seeking á remedy for an injury of which a court ol law and a court of equity have concurrent jurisdiction, may elect to which tribunal he will resort for relief. But, as in the latter case, when the election is once made, and a trial had in either of those courts, the party will be precluded for ever from resorting to the other ; so, by a parity of reason, in the former, the matter of defence being once decided upon in the one court, can never be retried in the other.
If the grounds assumed for relief in this case be tested by these principles, they will be found to be untenable.
So far as respects the authority of Hart’s agent to withdraw the entry and make the assignment complained of, the question seems regularly to have been involved in the issue tried at law ; nor is there a suggestion in the bill, or a surmise in the eviderice, from which it can be inferred that this point was not relied upon at the trial. But it was urged in argument, by the counsel for the plaintiff, that the custom of the country which authorised the transaction with respect to the withdraw *6 al and assignment: without a legal power for that pur, pose, though unavailing at law, would be entitled to great weight in a court of equity. Without deciding upon the existence or validity of such a custom, it may be remarked, that no usage or custom which is disregarded in a court of law, can he respectetj.as a rule oí action in a court of chancery.
The quantum ©f damages in ¿6Uons found-iflg in damages is peculiarly and exclufively within the province of a jury.
A court of equity will not cverhale a trial at law for withdrawing an entry and aligning the warrant fraudulently, upon the fug. geftion that the jury gavedama ges for the total number of a-ctes, wheteas, if the entry had not been withdrawn, a great part of the land would have been loft by pri • or claims.
That the party was prevent - ed at law from giving evidence to fhew that a great part of the land would have been 1 >ft} h no ground for relief.; his remedy was by bill of exceptions.
A fadt not al-hged cannot, although prov. ed, conititate the bafis or a decree or j.idNment; but mu ft
Owing to the different modes of proceeding in the two courts, a court of equity' is .enabled some rimas to reach the justice of a cause, which is unattainable at law, but the rules of evidence and the rules of decision are the same in both courts. Both, as Sir William Blackstone observes, must adopt the best, or they must cease to he courts of justice.
'As to the second ground taken by the bill for relief, little need be said. The quantum of damages in an action founded in tort and sounding in damages, is so peculiarly and exclusively the province of a jury, that it would be radically subversive of that inestimable mode of trial, if the chancellor were to interpose because he might think either too sipali or too great damages had been given. ⅛
Nor would the, propriety of a resort to a court of equity follow, though it were conceded that the quantity of land which would have been saved by the entry was the only proper criterion for the estimate of damages.
A jury may be less capable than a_ chancellor to decide upon the comparative merits of conflicting entries, and the manner in which they ought to b,e surveyed ; but their legal competency to;decide, when the question collaterally and incidentally occurs, cannot be doubted.
If the party had been, as is suggested in this case, improperly prevented from using evidence to this point, his remedy was not in chancery, but by bill of exceptions and writ of error. But were the court" disposed to reinvestigate this pa1-: of the subietf, the evidence furnished in this case would nor enable :⅛¾ to decide how much or ho.v lit.fo ut the land covered ay the withdrawn entry woofo ha/e hetn saved, there being-no proof of the ev-'rii-' or ro'en,' ty of the objects by the conflicting entries.
With respect to the weight of the evidence discovered by Morrison subsequent to the second trial at law, we *7 conceive it unnecessary to decide, since he has made in his bill no allegation of such subsequent discovery. For a fact not alleged can no mdre in a court-of equity than in a court of law constitute a basis upon which an aJjudoation may be founded ; it being equally true that the chancellor, as well as the judge, must decide according to the. allegations and the proofs.
^‘¡htaPK7 p'ratber &Sm¡-⅞⅛ 316 — M'~ cémet
Upon the whole, we see in this case no reason for a resort to a court of equity. — —Decree affirmed,